UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------X

UNITED STATES OF AMERICA

- against -

JOSE ARTURO CARRENO RAMIREZ,

Defendant.

------------------------X

COMPLAINT AND AFFIDAVIT IN SUPPORT OF ARREST WARRANT

(T. 21 U.S.C., § 846; T. 18, U.S.C., § 1956(h))

19-MJ-729

**TO BE FILED UNDER SEAL**

EASTERN DISTRICT OF NEW YORK, SS:

MICHAEL GREISEN, being duly sworn, deposes and states that he is a Special Agent with the Drug Enforcement Administration ("DEA"), duly appointed according to law and acting as such.

In or about and between September 2017 and June 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOSE ARTURO CARRENO RAMIREZ ("CARRENO"), together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing cocaine, a Schedule II controlled substance; (b) a substance containing heroin, a Schedule I controlled substance, and (c) a substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1). The amount of cocaine involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was five kilograms or more of a substance containing cocaine. The amount of heroin involved in the

conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was one kilogram or more of a substance containing heroin.

(Title 18, United States Code, Sections 846, 841(b)(1)(A)(i), 841(b)(1)(A)(ii), 841(b)(1)(C))

In or about and between November 2017 and June 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CARRENO, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, to wit: the transfer and delivery of United States currency, which transactions in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, contrary to Title 21, United States Code, Sections 841 and 846, 952, 959, 960, and 963, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(1); and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h) and 3551 et seq.)

The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

## INTRODUCTION

1.  I am a Special Agent with the DEA, and have been so employed for approximately two years. In my capacity as a DEA Special Agent, I am responsible for conducting and assisting in investigations into the activities of individuals and criminal groups responsible for federal narcotics offenses and money laundering offenses. I have participated in investigations involving arrest warrants, and the use of surveillance, confidential informants, cooperating defendants and undercover operations. I also have experience (a) reviewing and analyzing taped conversations and records of drug traffickers and money launderers and (b) debriefing cooperating drug traffickers and money launderers. Through my training, education and experience, I have also become familiar with (a) the manner in which illegal drugs are imported and distributed; (b) the method of payment for such drugs; and (c) the efforts of persons involved in such activity to avoid detection by law enforcement, such as through the laundering of monetary instruments and the concealment of evidence of crimes.

2.  I am familiar with the facts and circumstances set forth below from my participation in the investigation described herein. The facts set forth in this affidavit are based, in part, on information that I have learned from the review of written documents prepared by, and conversations with, members of the DEA and other law enforcement agencies and investigators; surveillance; and my review of documents obtained by subpoena. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

**PROBABLE CAUSE TO ARREST**

3. Since approximately 2017, the DEA has been investigating a drug trafficking organization ("DTO") led by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ CARRENO. The DTO is engaged in trafficking narcotics into the United States, distributing those narcotics throughout multiple states, and laundering the proceeds of those sales.



5. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ physical surveillance and multiple seizures of narcotics, currency and firearms, have all revealed that CARRENO is a main distributor of narcotics and firearms and a money launderer for the DTO. Further, the evidence has revealed that CARRENO serves a significant leadership role within the structure of the DTO.

A. Narcotics and Firearms Distribution



8. That same day, September 4, 2017, agents intercepted a tractor-trailer believed to be transporting narcotics for the DTO in North Carolina. Inside the trailer, agents uncovered an elaborate hidden compartment, which ran the length of the trailer. The hidden compartment contained 127 kilograms of cocaine.

10. Later that same day, on January 28, 2018, agents learned that the DTO was expecting the delivery of a cocaine load by tractor-trailer, and set up surveillance at three known locations associated with the DTO. One of these locations, in Durham, North Carolina, ("Location-1") is a tractor-trailer business equipped with a large parking lot capable of accepting tractor-trailers for loading and unloading narcotics. While they were conducting surveillance at Location-1, agents observed a white tractor-trailer arrive and pull into Location-1's parking lot. Shortly thereafter, agents observed two individuals working underneath the tractor-trailer with power tools, in a manner consistent with someone accessing a hidden compartment. The agents approached the trailer, and performed a search of the trailer and a nearby truck and recovered multiple kilograms of cocaine and firearms.

On January 28, 2018, at the same time that agents were searching the tractor-trailer and truck, additional law enforcement agents conducted surveillance of CARRENO at a house approximately forty-minutes away from Location-1 ("Location-2"). The agents observed CARRENO carrying a large black bag into the yard of Location-2. law enforcement agents searched Location-2 and recovered additional kilograms of cocaine, additional firearms, and marijuana. In total, from their search of the tractor-trailer, nearby truck, and the house, agents recovered 96 kilograms of cocaine, 40 pounds of marijuana and 27 firearms

[REDACTED]

13. On March 26, 2018, agents learned that the meeting location was going to be at a motel in Oxford, North Carolina ("Location-3"). [REDACTED] Agents conducted surveillance at Location-3, and observed a dark minivan pull into the hotel parking lot and drop off a female ("Individual-3") with a bag. The agents approached Individual-3, who gave consent for a search of her bag. Inside the bag, agents discovered a false bottom containing five kilograms of heroin. [REDACTED]

B. Money Laundering

15. The investigation has also revealed that members of the DTO have engaged in money laundering in Brooklyn and Queens, New York, among other locations. ▓▓▓

▓▓▓ on January 30, 2018, ▓▓▓ Authorities established surveillance at Location-4 and in the surrounding areas and observed CARRENO and others arrive at a store near Location-4 in an SUV. CARRENO and others then unloaded several black trash bags and a black duffle bag into their vehicle from a second SUV and departed. Following CARRENO's departure from the vicinity of Location-4, agents performed a traffic stop and searched CARRENO's vehicle. Inside the vehicle, agents recovered approximately $297,791 contained within the black duffle bag.



On February 15, 2018, agents

8

conducted surveillance of Location-5, where they observed CARRENO meeting with Individual-4. During the meeting, the agents observed Individual-4 take a white grocery bag from CARRENO's car and place it in Individual-4's car. Both parties then departed.

21. On February 25, 2018, █████████████████████████████ ███████████████████████████████ ███████████████ Agents conducted surveillance of Location-6, where they observed CARRENO meeting with Individual-4. During the meeting, the agents observed Individual-4 take a large brown cardboard box from CARRENO's car and place it in Individual-4's car.

22. Following Individual-4's departure from Location-6, agents performed a traffic stop and searched Individual-4's vehicle. Inside the vehicle, the agents recovered approximately $320,000, bundled in rubber bands in a manner consistent with narcotics proceeds. ███████████████████████████████████████

9



24. Based on the foregoing, co-conspirators in the DTO, including Individual-4 and Individual-5, have taken acts in furtherance of the conspiracy in Brooklyn and Queens.

## SEALING REQUEST

25. IT IS FURTHER REQUESTED that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including this affidavit and the requested arrest warrant. Based upon my training and experience, I have learned that criminals actively search for criminal affidavits via the Internet, and disseminate them to other criminals as they deem appropriate, *e.g.*, by posting them publicly through online forums. Therefore, premature disclosure of the contents of this affidavit and related documents will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, and notify confederates.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued so that the defendant JOSE ARTURO CARRENO RAMIREZ be dealt with according to law.

Dated: Brooklyn, New York
August 14, 2019

_____
MICHAEL GREISEN
Special Agent
Drug Enforcement Administration

Sworn to before me this
14th day of August, 2019

_____
THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK