MPR:TAW/EMR
F.# 2019R00719/OCDETF #NYNYE-753

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 08 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -



JOSE ARTURO CARRENO RAMIREZ and
AKIVA SCHONFELD,

          Defendants.

- - - - - - - - - - - - - - - - - -X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. <u>19-489 (S-1) (SJ)</u>
(T. 21, U.S.C., §§ 841(b)(1)(A)(i),
841(b)(1)(A)(ii)(II), 846, 853(a), 853(p),
959(a), 959(c), 959(d), 960(a)(3),
960(b)(1)(A), 960(b)(1)(B)(ii), 963 and
970; T. 18, U.S.C., §§ 2, 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
924(d)(1), 982(a)(1), 982(b)(1), 1956(h),
3238 and 3551 et seq.; T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
(International Cocaine and Heroin Distribution Conspiracy)

1.    In or about and between January 2017 and October 2018, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants ███████████████████████████████████████████████████████████ JOSE ARTURO CARRENO RAMIREZ and AKIVA SCHONFELD, together with others, did knowingly and intentionally conspire to distribute one or more controlled substances, intending, knowing and having reasonable cause to believe that such substances would be unlawfully imported into the United States from a place outside thereof, which offense involved (a) a substance containing cocaine, a Schedule II controlled substance; and (b) a substance containing

heroin, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 959(a) and 960(a)(3). The amount of controlled substances involved in the conspiracy attributable to each defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was (a) five kilograms or more of a substance containing cocaine; and (b) one kilogram or more of a substance containing heroin.

(Title 21, United States Code, Sections 963, 960(b)(1)(A), 960(b)(1)(B)(ii) and 959(d); Title 18, United States Code, Sections 3238 and 3551 et seq.)

## COUNT TWO
(Cocaine and Heroin Importation Conspiracy)

2. In or about and between January 2017 and October 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ███████████████████████████████████████ JOSE ARTURO CARRENO RAMIREZ and AKIVA SCHONFELD, together with others, did knowingly and intentionally conspire to import one or more controlled substances into the United States from a place outside thereof, which offense involved (a) a substance containing cocaine, a Schedule II controlled substance; and (b) a substance containing heroin, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 952(a) and 960(a)(1). The amount of controlled substances involved in the conspiracy attributable to each defendant as a result of his own conduct, and the conduct of other conspirators reasonably

foreseeable to him, was (a) five kilograms or more of a substance containing cocaine; and (b) one kilogram or more of a substance containing heroin.

(Title 21, United States Code, Sections 963, 960(b)(1)(A) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 3551 et seq.)

## COUNT THREE
(Cocaine and Heroin Distribution Conspiracy)

3. In or about and between January 2017 and October 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ██████████████████████████████████████████████████ JOSE ARTURO CARRENO RAMIREZ and AKIVA SCHONFELD, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing cocaine, a Schedule II controlled substance; and (b) a substance containing heroin, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1). The amount of controlled substances involved in the conspiracy attributable to each defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was (a) five kilograms or more of a substance containing cocaine; and (b) one kilogram or more of a substance containing heroin.

(Title 21, United States Code, Sections 846, 841(b)(1)(A)(i) and 841(b)(1)(A)(ii)(II); Title 18, United States Code, Sections 3551 et seq.)

## COUNT FOUR
(International Distribution of Cocaine –
Approximately 127 Kilograms of Cocaine)

4. In or about and between August 2017 and January 2018, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants ███████████████████████████████████████████████ ████████████████████████████████████████ JOSE ARTURO CARRENO RAMIREZ, together with others, did knowingly and intentionally distribute a controlled substance, intending, knowing and having reasonable cause to believe that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 959(a), 959(d), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2, 3238 and 3551 et seq.)

## COUNT FIVE
(International Distribution of Cocaine
Approximately 96 Kilograms of Cocaine)

5. In or about and between December 2017 and January 2018, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants ███████████████████████████████████████████████ ████████████████████████████████████████ JOSE ARTURO CARRENO RAMIREZ, together with others, did knowingly and intentionally distribute a controlled substance, intending, knowing and having reasonable cause to believe that such substance would be unlawfully imported into the United States from a place outside thereof,

which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 959(a), 959(d), 960(a)(3) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 2, 3238 and 3551 et seq.)

COUNT SIX
(International Distribution of Heroin –
Approximately Five Kilograms of Heroin)

6. In or about March 2018, within the extraterritorial jurisdiction of the United States, the defendants ████████████████████ ████████████████████████████████████████ JOSE ARTURO CARRENO RAMIREZ, together with others, did knowingly and intentionally distribute a controlled substance, intending, knowing and having reasonable cause to believe that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved one kilogram or more of a substance containing heroin, a Schedule I controlled substance.

(Title 21, United States Code, Sections 959(a), 959(d), 960(a)(3), 960(b)(1)(A) and 959(c); Title 18, United States Code, Sections 2, 3238 and 3551 et seq.)

COUNT SEVEN
(Use of Firearms in Furtherance of Drug Trafficking)

7. In or about January 2018, within the Eastern District of New York and elsewhere, the defendants ████████████████████ JOSE ARTURO CARRENO RAMIREZ, together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more drug trafficking crimes, to wit: the crimes charged in Counts One through Three, and did

knowingly and intentionally possess such firearms in furtherance of said drug trafficking crimes.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 et seq.)

## COUNT EIGHT
(Use of Firearms in Furtherance of Drug Trafficking)

8. In or about March 2018, within the Eastern District of New York and elsewhere, the defendants ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ JOSE ARTURO CARRENO RAMIREZ, together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more drug trafficking crimes, to wit: the crimes charged in Counts One through Three, and did knowingly and intentionally possess such firearms in furtherance of said drug trafficking crimes, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT NINE
(Conspiracy to Launder Narcotics Proceeds)

9. In or about and between January 2017 and October 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ JOSE ARTURO CARRENO RAMIREZ and AKIVA SCHONFELD, together with others, did knowingly and intentionally conspire to (i) conduct one or more financial transactions in and affecting interstate and foreign commerce, to wit: the transfer and delivery of United States currency, which transactions in fact involved the proceeds of specified unlawful activity, to wit:

narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a)(1), 846, 952(a), 959 and 963, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, (a) with the intent to promote the carrying on of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i), and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B); and (ii) transport, transmit and transfer monetary instruments and funds from a place in the United States to and through one or more places outside the United States, to wit: Mexico, (a) with the intent to promote the carrying on of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(2)(A), and (b) knowing that the funds represented the proceeds of some form of unlawful activity and knowing that the transportation, transmission and transfer were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(2)(B).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS ONE THROUGH SIX

10. The United States hereby gives notice to the defendants that, upon their conviction of any of the offenses charged in Counts One through Six, the government will seek forfeiture in accordance with Title 21, United States Code, Sections 853(a) and 970, which require any person convicted of such offenses to forfeit: (a) any property constituting,

or derived from, any proceeds obtained directly or indirectly as the result of such offenses, and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

11. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a), 853(p) and 970)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS SEVEN AND EIGHT

12. The United States hereby gives notice to the defendants that, upon their conviction of either the offenses charged in Counts Seven or Eight, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924.

13. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT NINE

14. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count Nine, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property.

15. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. # 2019R00719
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

▮▮▮▮▮▮▮▮▮▮ JOSE ARTURO CARRENO RAMIREZ and AKIVA SCHONFELD,"

Defendants.

## SUPERSEDING INDICTMENT

( T. 21, U.S.C., §§ 841(b)(1)(A)(i), 841(b)(1)(A)(ii)(II), 846, 853(a), 853(p), 959(a), 959(c), 959(d), 960(a)(3), 960(b)(1)(A), 960(b)(1)(B)(ii), 963 and 970; T. 18, U.S.C., §§ 2, 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(d)(1), 982(a)(1), 982(b)(1), 1956(h), 3238 and 3551 et seq.; T. 28, U.S.C., § 2461(c))

A true bill. \_\_\_\_\_*Robert J. Britto*\_\_\_\_\_

Foreperson

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____

Clerk

Bail, $ _____

*Michael P. Robotti, Erin Reid, & Temidayo Aganga-Williams*
*Assistant U.S. Attorneys (718) 254-7000*